**The below described is SIGNED.**

 

**Dated: May 15, 2014**

R. KIMBALL MOSIER
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| In re:<br><br>Michael Louis Broussard and<br>Debra Jean Broussard,<br><br>Debtors. | Bankruptcy Number: 12-28736<br><br>Chapter 11<br><br>Judge R. Kimball Mosier |
|---|---|

**FINDINGS OF FACT CONFIRMING
CHAPTER 11 PLAN OF REORGANIZATION**

On July 6, 2012, The Debtors, Michael Broussard and Deborah Broussard (Debtors) filed a voluntary petition for Chapter 11 relief under Title 11. After obtaining Court approval, the Debtors' Second Amended Disclosure Statement was circulated and all creditors were provided ballots to vote upon the Debtors' plan.

On May 14, 2014, the hearing to address confirmation of the Debtors' Second Amended Chapter 11 Plan (Plan), came before the Court (Hearing). At the Hearing, the Debtors appeared *pro se*, Armand Howell and Bradley Carr appeared on behalf of Bank of America, N.A., (Bank), and Laurie Cayton appeared on behalf of the United States Trustee.

At the Hearing, the Court was presented with a document dated May 9, 2014 captioned "Stipulation Determining Secured Status of Lien of Bank of America, N.A., and Determining

Plan Treatment of Class 3(d) Claim," (Stipulation). The Stipulation provided for specific of Bank's claim. The Stipulation also provided that Bank withdraw its objection to the Plan and vote in favor of the Plan.

With the affirmative vote of Bank in favor of the Debtors' Plan, the Court finds that all classes have either voted to accept the Plan or are deemed to have accepted the Plan. *In re Ruti Sweetwater, Inc.,* 836 F.2d 1263 (10th Cir. 1988). In addition, the Court finds that the Debtors' Plan meets the following requirements:

(1) The plan complies with the applicable provisions of Title 11 of the United States Code.

(2) The proponent of the plan complies with the applicable provisions of Title 11 of the United States Code.

(3) The plan has been proposed in good faith and not by any means forbidden by law.

(4) Payment made under the plan have been approved by, or are subject to the approval of, the Court.

(5) The Debtors have disclosed the identity of any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation for such insider.

(6) With respect to each impaired class of claims or interests-- each holder of a claim or interest of such class-- has accepted the plan; or will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that such holder would so receive or retain if the debtor were liquidated under chapter 7.

(7) With respect to each class of claims or interests-- such class has accepted the plan; or such class is not impaired under the plan.

(8) Except to the extent that the holder of a particular claim has agreed to a different treatment of such claim, the plan provides that-- with respect to a claim of a kind specified in section 507(a)(2) or (3) of this title, on the effective date of the plan, the holder of such claim will receive on account of such claim cash equal to the allowed amount of such claim; with respect to a class of claims of a kind specified in section 507(a)(1), (4), (5), (6), or (7), each holder of a claim of such class will receive deferred cash payments of a value, as of the effective date of the plan, equal to the allowed amount of such claim; or (ii) if such class has not accepted the plan, cash on the effective date of the plan equal to the allowed amount of such claim; with respect to a claim of a kind specified in section 507(a)(8) of this title, the holder of such claim will receive on account of such claim regular installment payments in cash- (i) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim; (ii) over a period ending not later than 5 years after the date of the order for relief and in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan.

(9) At least one class of claims that is impaired under the plan has accepted the plan.

(10) Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors.

(11) All fees payable under section 1930 of title 28, as determined by the Court, have been paid or the plan provides for the payment of all such fees on the effective date of the plan.

(12) The Debtors have no domestic support obligation.

(13) The value of the property to be distributed under the plan is not less than the projected disposable income of the debtors (as defined in section 1325(b)(2)) to be received during the period for which the plan provides payments.

(14) All transfers of property under the plan shall be made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

--------------------------------------------END OF DOCUMENT--------------------------------------------

_____ooo0ooo_____

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **Findings of Fact Confirming Chapter 11 Plan of Reorganization** shall be served to the parties and in the manner designated below:

**By Electronic Service:** I certify that the parties of record in this case as identified below, are registered CM/ECF users and will be served notice of entry of the foregoing Order through the CM/ECF system:

   James W. Anderson    anderson@millerguymon.com , jimulaw@msn.com
   Laurie A. Cayton tr    laurie.cayton@usdoj.gov, James.Gee@usdoj.gov; Lindsey.Huston@usdoj.gov; Suzanne.Verhaal@usdoj.gov
   Blakely Denny    bdenny@swlaw.com, mposada@swlaw.com
   Armand J. Howell    howell@mmojlaw.com, howell@mathesonhowell.com
   Zachary Peter Lowe    lowezachary@gmail.com
   Mark S. Middlemas    ecfmaildistgroup@lundbergfirm.com, lundbergBK@gmail.com, mark.middlemas@lundbergfirm.com
   Charles L. Mudd    clm@muddlaw.com
   Robert A. Saunders    robert@saunderslaw.co, robert@wasatchdui.com
   United States Trustee    USTPRegion19.SK.ECF@usdoj.gov
   Aaron M. Waite    awaite@ccfirm.com, jcraig@ccfirm.com
   James H. Woodall    jwoodall@utahtrustee.com, angela@utahtrustee.com; bc@utahtrustee.com
   Kim R. x3Wilson    bankruptcy_krw@scmlaw.com

**By U.S. Mail -** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b).

Deborah Jean Broussard
4292 South Holloway Drive
Holladay, UT 84124

Michael Louis Broussard
4292 South Holloway Drive
Holladay, UT 84124